# EXHIBIT "B"

# Complaint To Trans Union, LLC

Filed
D.C. Superior Court
03/18/2021 22:36PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELISSA AKAR BENJAMIN** )<br>c/o Jeffery W. Styles )<br>1666 K Street NW, Suite 440 )<br>Washington, DC 20006 )<br> )<br>  Plaintiff, )<br>v. )<br> )<br>**EQUIFAX INFO. SRVCS. LLC** )<br>c/o Corporation Service Company )<br>1090 Vermont Avenue NW, Suite 430 )<br>Washington, DC 20005 )<br> )<br>  Defendant, )<br> )<br>**EXPERIAN INFO. SOLS. INC.** )<br>c/o C T Corporation System )<br>1015 15th Street, NW, Suite 1000 )<br>Washington, DC 20005 )<br> )<br>  Defendant, )<br> )<br>**TRANS UNION, LLC** )<br>c/o Corporation Service Company )<br>1090 Vermont Avenue, NW, Suite 430 )<br>Washington, DC 20005 )| Case No. **2021 CA 000870 B** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Melissa Akar Benjamin, by and through undersigned counsel, brings this complaint against the defendants Trans Union, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

1

**PARTIES TO ACTION**

2. Plaintiff is a natural person that resides in the District of Columbia.

4. TransUnion is a credit reporting agency that prepares and sells credit information.

5. Experian is a credit reporting agency that prepares and sells credit information.

6. Equifax is a credit reporting agency that prepares and sells credit information.

**FACTUAL ALLEGATIONS**

7. Within the past two years, the Defendants have reported inaccurate information regarding two tradelines appearing on all Plaintiff's credit reports.

8. All three Defendants were inaccurately reporting a TD Bank / Target tradeline and a EOS CCA collection account.

9. The TD Bank / Target tradeline were inaccurate and/or misleading because Ms. Benjamin attempted to pay the TD Bank / Target debt but was persuaded by TD Bank or Target not to pay it. Specifically, TD Bank or Target said it was too late to pay it because the debt had already been charged off. However, TD Bank and Target are not reporting that Ms. Benjamin wanted to pay the debt but was told not to pay it by TD Bank or Target.

10. The EOS CCA collection account was inaccurate and/or unverifiable because Ms. Benjamin has no obligation to pay EOS CCA and there is no proof that EOS CCA can collect on the Verizon accounts.

11. The Defendant CRAs prepared and issued consumer credit reports concerning the Plaintiff that included the inaccurate information furnished TD Bank / Target and EOS CCA.

12. Within the past two years, Ms. Benjamin has disputed the TD Bank / Target tradeline and EOS CCA collection with the CRAs.

13. The Defendants did not investigate the Plaintiff's disputes. Instead of investigating the Plaintiff's disputes, the Defendants *only* forwarded notice of the disputes, via an Automated Consumer Dispute Verification form ("ACDV"), to TD Bank / Target and EOS CCA.

14. After TD Bank / Target and EOS CCA received the dispute and responded via the ACDV, the Defendants parroted the response to Plaintiff's credit reports.

15. Had the Defendants performed a reasonable investigation and reported the current status of the TD Bank / Target debt, they would have discovered and reported that TD Bank / Target was the reason that Ms. Benjamin did not pay the debt.

16. Had the Defendants performed a reasonable investigation and reported the current status of the EOS CCA debt, they would have discovered that the debt could not be verified as accurate and deleted the collection from Plaintiff's reports.

17. Defendants' policies, procedures and practices were the cause of their failure to conduct a reasonable investigation of Plaintiff's disputes. Regardless of the nature, content or merit of a consumer's dispute, Defendants only parrot the furnisher's response to the dispute.

18. Defendants sold credit reports containing the inaccuracies to third-parties.

### COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)

64. Plaintiff incorporates paragraphs 1 through 62.

65. Section 1681e(b) mandates that Trans Union report consumer information with ***the maximum possible accuracy.*** In other words, Trans Union' reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

66. Trans Union published information on the four disputed tradelines without reporting the accounts as disputed *after* fielding several disputes from Plaintiff. Upon information and belief, Trans Union have no procedures in place to ensure that furnishers report disputed accounts as

3

disputed and Trans Union have a policy to *never* report an account as disputed, including even when Trans Union know the accounts are disputed.

67. Further, Trans Union published information concerning the Capital One, Discover and NFCU tradelines without considering information from sources other than the furnisher. Exclusive reliance on one source of information and does not assure the reporting of maximum accurate information because Trans Union do not consider information from other sources that may alert them to the fact that the information being reported is not accurate.

68. Thus, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

69. The CRAs furnished their credit reports containing the inaccurate and derogatory tradelines and collection to third-parties requesting Plaintiff's credit report.

70. As a result of Trans Union' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

71. The violations by Trans Union were willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)

72. Plaintiff incorporates paragraphs 1 through 71.

73. Section 1681i(a)(1) mandates that a credit reporting agency investigate a consumer's dispute and report the results of the reinvestigation.

74. Section 1681i(a)(2)(A) mandates that a credit reporting agency provide notice of the consumer's dispute to the furnisher of the disputed information.

75. Section 1681i(a)(4)(A) relates to section 1681i(a)(1) and mandates that the credit reporting agency review and consider all the relevant information provided by the consumer during the credit reporting agency's investigation.

76. Section 1681i(a)(5)(A) mandates that a credit reporting agency delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable.

77. Trans Union have virtually no policies, practices or procedures to investigate a consumer's dispute, much less review and consider the relevant information provided by the consumer as a part of their reinvestigation.

78. Because the Defendants *never* review and consider the consumer's dispute, the New York Attorney General ("NYAG") sued Trans Union and they agreed to employ a process that requires the consumer's "Supporting Dispute Documentation shall be reviewed by an agent of the CRA with discretion to make a determination whether to make the change requested by the consumer on the basis of the Supporting Dispute Documentation."

79. Despite the NYAG Settlement Agreement, Trans Union *still* do not consider and review *any* of the information in a consumer's dispute. Because Trans Union *never* conduct an investigation of a consumer's dispute, Trans Union feel no need to review and consider the consumer's dispute.

80. Although Trans Union are required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section

5

1681i(a)(2), Trans Union' policies, practices and procedures are designed only to comply with section 1681i(a)(2).

81.     Despite the plain language of section 1681i(a)(1)'s language to conduct a reinvestigation, Trans Union policies, practices and procedures are to rely on the furnisher's response instead of Trans Union conducting their own reinvestigation.

82.     Making matters worse, Trans Union do not require that the furnishers perform a reasonable investigation of the consumer's dispute. In fact, Trans Union are fully aware that the furnishers regularly perform superficial reviews *instead* of reasonable investigations. Like the credit reporting agencies, the furnishers do not consider and review the consumer's dispute when responding to a consumer dispute. The only information a furnisher considers when receiving a notice of dispute from a credit reporting agency is the ACDV. Despite knowing the furnisher's do not consider the consumer's dispute and supporting documentation, Trans Union rely on the furnisher's response as satisfaction of their obligation to *investigate* the dispute under § 1681i(a)(1).

83.     Upon information and belief, Trans Union are not even in full compliance with section 1681i(a)(2) because Trans Union fail to forward <u>all</u> relevant information and fail to provide the information within the time periods required under the statute. The furnisher's response is substantially hampered by CRAs failure to provide all information and to provide the information timely to the furnishers.

84.     Further, Trans Union will—more times than not—misstate or mischaracterize a consumer's dispute when Trans Union transcribe a dispute onto an n ACDV. Trans Union failure to accurately convey the dispute violates section 1681i(a)(2) because such failures leave out relevant information for the furnishers.

85. Because Trans Union almost *never* conduct an investigation to determine the disputed information is accurate or complete, the Defendants *never* obtain evidence to establish or confirm the accuracy of the disputed information as required by section 1681i(a)(5)(A).

86. Accordingly, the Defendant violated 15 U.S.C. §§ 1681i(a)(1)-(5) by failing to properly respond to Plaintiff's disputes.

87. As a result of Trans Union' violations of 15 U.S.C. §§ 1681i(a)(1)-(5), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

88. The violations by Trans Union was willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. §1681g(a)

89. Defendant Trans Union violated 15 U.S.C. §1681g(a) by failing to timely disclose all information in the Plaintiff's credit file after receiving a request from Plaintiff for his credit file.

90. Defendant failed to furnish Plaintiff's credit report on at numerous occasions, including but not limited to July 17, 2020, January 11, 2021, January 12, 2021, February 11, 2021 and February 23, 2021.

91. Defendant failed to disclose all information, including the full account number on the listed tradelines in Plaintiff's credit file on each occasion Trans Union furnished a report to Plaintiff.

92.     Plaintiff suffered confusion and frustration as a result of Trans Union's failure to provide all information in his credit file.

93.     Plaintiff suffered anxiety and frustration as a result of Trans Union's failure to furnish Plaintiff with his credit reports.

94.     Section 1681g(a) clearly states that ALL information in a consumer's credit file must be disclosed in response to a consumer's request for his/her credit file.

95.     The statutory language in section 1681g(a) put Trans Union on notice that it was required to provide ALL information in a consumer's credit file.

96.     Over 21-years ago, an FTC Advisory Opinion put Trans Union on notice that it could not truncate account numbers without the consumer's permission when furnishing a consumer with his/her credit file.

97.     Thus, the violations by Defendant were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

98.     Plaintiff is entitled to recover actual damages, statutory damages, and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A.      That the Court award actual damages for Counts I & II;

B.      That the Court award maximum statutory damages for Counts I and II;

C.      That the Court award maximum punitive damages for Count II;

D.  That the Court award costs and any reasonable attorneys' fees; and

E.  That the Court award any such other and further legal and equitable relief as may be found appropriate and as the Court may deem equitable and just.

>Respectfully submitted,
>
>MELISSA AKAR BENJAMIN
>
>___/s/ Jeffrey W. Styles_____
>Jeffrey W. Styles, Esquire
>Washington Legal Group, LLC
>1666 K Street, NW, Ste #440
>Washington, DC 20006
>Tel: (202) 503-1708
>E-mail: jstyles@washlegal.com
>
>*Counsel for Plaintiff*